**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
PAULA F. GUITY,

                              Plaintiff,                   **MEMORANDUM
                                                                    AND ORDER**

      -against-

                                                                   CV 12-1482 (SJF) (AKT)

UNIONDALE UNION FREE SCHOOL
DISTRICT, MYRTLE DIXON, DIANE
BARTON, FLORENCE D. SIMMONS,
FRANTZ DORSAINVIL & WILLIAM K.
LLOYD (pursuant to § 1983 and NYEL
§ 290 et seq. In their individual and official
capacities),

                                         Defendants.
-----------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       Plaintiff *pro se* in this Section 1983/Title VII action moves for leave to amend her First Amended Complaint ("FAC"). Pl.'s Mot. [DE 65]; Pl.'s Mem. [DE 65-1]; Proposed Second Am. Compl. ("PSAC") [DE 65-2].[1] Since September 2005, Plaintiff has been employed as a foreign language teacher by the Defendant Uniondale Union Free School District (the "School District"). Plaintiff alleges that the Defendant School District as well as Defendants Myrtle Dixon ("Dixon'), Diane Barton ("Barton"), Florence Simmons ("Simmons"), Franz Dorsainvil ("Dorsainvil") and William Lloyd ("Lloyd") (collectively, "Defendants") discriminated and retaliated against her based on her national origin (American and not Haitian). *See* FAC [DE 4]. Plaintiff now seeks to (1) add the "Board of Education" as a Defendant, and (2) add further detail to her claims for national origin discrimination. *See generally* Pl.'s Mem., PSAC. The proposed amendments may

---

[1]     Plaintiff's submission, filed as a motion to amend, is styled as a letter to this Court outlining Plaintiff's reasons for her request to amend the FAC at this time. DE 65. Plaintiff has also submitted a memorandum of law [DE 65-1] and her proposed amended pleading [DE 65-2].

be construed as including a new claim for sex discrimination. *See* PSAC ¶¶ 155, 159-60 Defendants oppose the motion, asserting that the Plaintiff has failed to establish good cause for seeking such relief well after the deadline set by this Court for amending pleadings. DE 66. For the reasons which follow, Plaintiff's motion to amend is DENIED.

**I.    BACKGROUND**

The original Complaint in this action was filed by the *pro se* Plaintiff on March 26, 2013. DE 1. Prior to serving the Summons and Complaint upon Defendants, Plaintiff obtained counsel and filed the FAC on June 19, 2013. *See* FAC. The FAC alleges Title VII violations based on national origin discrimination, disparate treatment and retaliation, as well as other state law claims. *See generally* FAC. Plaintiff is an African-American female who alleges that while holding the position of Haitian Club Advisor she was discriminated against in the School District based on her national origin (American and not Haitian). *Id.* According to the Plaintiff, she resigned from her position as Haitian Club Advisor based on the discrimination and continues to be treated differently based on her national origin. *Id.* After filing internal grievances regarding the alleged discrimination, Plaintiff asserts that she experienced retaliation as a result of those grievances. *Id.*

Judge Feuerstein held her Initial Conference with the parties on October 22, 2012. *See* DE 18. After meeting again with all counsel on November 26, 2012, Judge Feuerstein referred all discovery to this Court and sent the parties down immediately to the undersigned to set a Case Management Order in place. *See* DE 23. In conjunction with Judge Feuerstein's having set her Pre-Trial Conference for March 26, 2013, this Court, in consultation with the parties, set the rest of the deadlines to complete discovery. In particular, the Court set January 31, 2013 as the deadline for the parties to amend the pleadings. All of the deadlines were memorialized in the

Case Management and Scheduling Order entered as a result of the November 26, 2013 conference. *See* DE 24-25. Counsel were advised in the strongest terms that they had to adhere to those deadlines because this Court had no authority to extend the March 26, 2013 Pre-Trial conference before Judge Feuerstein and all discovery had to be completed prior to that date. *See* DE 24. The parties then proceeded through the discovery phase of the litigation.

On April 18, 2013, Plaintiff's attorney, Scott Mishkin of Scott Michael Mishkin, PC, filed a letter motion requesting that he and his firm be permitted to withdraw from his representation of the Plaintiff. DE 35. Attorney Mishkin stated that the Plaintiff had honorably discharged the firm's services and had requested that the firm no longer represent her. *Id.* Judge Feuerstein granted Attorney Mishkin's request on April 19, 2013. DE 37. On that same day, Defendants' counsel filed a proposed Pre-Trial Order. DE 36.[2]

Judge Feuerstein held a Pre-Trial Conference with the parties on June 11, 2013; at that time, she set a briefing schedule for Defendants' anticipated motion for summary judgment. DE 42. Shortly thereafter, Plaintiff moved to file her proposed Pre-Trial Order belatedly, and she attached a copy to her motion.[3] DE 43. Judge Feuerstein granted the motion. *See* Electronic Order, June 19, 2013.

On August 12, 2013, two months after the previous conference with Judge Feuerstein, Plaintiff filed a motion to amend the FAC to join additional defendants. DE 49. Defendants opposed the motion. DE 51. This Court denied Plaintiff's motion, without prejudice. DE 52. In denying the motion, the Court made the following observations:

---

[2] Defendants' proposed Pre-Trial Order did not include the signature of Attorney Mishkin or the Plaintiff. *See* DE 36.

[3] Plaintiff's proposed Pre-Trial Order did not include the signature of Defendants' attorney. *See* DE 43.

> The Court finds that what Plaintiff has submitted is not appropriate for the purpose of making a motion. For example, Plaintiff refers to but has not listed the specific "transactions, occurrences and events that have transpired since the date of the filing of the Amended Notice of Claim." Further, Plaintiff has not provided any case law to support her position that she should be permitted to amend at this time. Pursuant to the Court's Case Management and Scheduling Order dated November 29, 2012, Plaintiff's deadline to join additional parties and amend her pleading expired on January 31, 2013. *See* DE 25. Plaintiff never requested an extension of this deadline, and has not demonstrated good cause to amend at this time. Finally, Plaintiff's "motion" is procedurally deficient because she has not attached a copy of the Proposed Amended Complaint as an exhibit.

DE 51.

On August 29, 2013, Defendants filed their fully-briefed motion for summary judgment to Judge Feuerstein. *See* DE 53-63. One day later, on August 30, 2013, Plaintiff interposed the present motion. *See* Pl.'s Mot. [DE 65]. Plaintiff has included a memorandum of law [DE 65-1] and the PSAC [DE 65-2] with her submission. Plaintiff seeks to (i) add the "Board of Education" as a Defendant, and (ii) add further detail to her claims for national origin discrimination. *Id.* Plaintiff's proposed amendments may also be construed as adding a further claim for sex discrimination. *See generally* PSAC. Defendants oppose the motion on the grounds, among other things, that: (1) discovery had closed and the motion is untimely; (2) it is unnecessary to name the Board of Education as a Defendant since the Board is encompassed by the "School District;" and (3) the Defendants will be prejudiced because their motion for summary judgment is fully briefed and re-opening discovery would incur unnecessary expense. Defs.' Opp. [DE 66].

## II. DISCUSSION

### A. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that in cases where a party cannot amend as a matter of course, "a party may amend its pleading only with the opposing

4

party's written consent or the court's leave." Fed. R. Civ. P. 15(a); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991). A court "should freely give leave when justice so requires" and such leave is in the court's discretion. *See* Fed. R. Civ. P. 15(a)(1)(B)(2); *accord Grace v. Rosenstock*, 228 F.3d 40, 52 (2d Cir. 2000). Under Rule 15(a), leave to amend should be denied only where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005); *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). However, where, as here, a motion to amend is filed after a deadline set by the Court's Order, the motion is subject to the more demanding standard of Rule 16(b), which requires "good cause" for leave to amend. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Ricciardi v. Kimco Facilities Servs. Corp.*, No. 10-CV-5731, 2012 WL 6761533, at *1 (E.D.N.Y. June 12, 2012) *adopted by* 2013 WL 42416 (E.D.N.Y. Jan. 3, 2013); *Alexander v. Westbury Union Free Sch. Dist.*, 829 F. Supp. 2d 89, 117 (E.D.N.Y. 2011); *Sokol Holdings, Inc., v. BMB Munai, Inc.*, 05-CV-3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009). "Under Rule 16(b) . . . the mere absence of prejudice, bad faith, futility, or similar factors is not sufficient to constitute 'good cause.'" *Rapture Shipping Ltd. v. Allround Fuel Trading Chemoil B.V.*, No. 03-CV-738, 2006 WL 3057294, at *2 (S.D.N.Y. Oct. 27, 2006) (citing *Carnrite v. Granada Hospital Group, Inc.*, 175 F.R.D. 439, 448 (W.D.N.Y 1997)).

Pursuant to Rule 16(b), the court must enter a scheduling order setting deadlines for subsequent proceedings in the case, including "the time to join other parties [and] amend the pleadings." Fed. R. Civ. P. 16(b). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *See Parker*, 204 F.3d at 339-40 (internal quotations omitted); *accord Ricciardi*, 2012 WL 6761533, at *1. In certain cases, however, the Court may determine that a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Parker*, 204 F.3d at 339 (internal quotations omitted). "In such cases, where the moving party has demonstrated good cause, the court may grant leave to amend the scheduling order to extend the deadline." *Id.*; *see 246 Sears Road Realty Corp. v. Exxon Mobil Corp.*, No. 99-CV-889, 2012 WL 4174862, at *9 (E.D.N.Y. Sept. 18, 2012).

"Good cause in this context depends on the diligence of the moving party, and, to satisfy the standard, the movant must demonstrate that is has been diligent in its effort to meet the Court's deadlines." *Sokol*, 2009 WL 2524611, at *7 (internal citations and quotations omitted); *see Enzymotec Ltd. V. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2011); *Spinelli v. Secretary of Dep't of Interior*, No. 99-8163, 2007 WL 1790077, *1 (E.D.N.Y. June 27, 2006) (finding of good cause requires that "the moving party must, at a minimum, make a showing of diligence.") (citing *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003)). "In other words, the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Sokol*, 2009 WL 2524611 at *7 (citing *Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). A party is not considered to have acted diligently where the proposed amendment is based on information that the party

knew, or should have known, in advance of the motion deadline. *See Parker*, 204 F.3d at 340-41; *Sokol*, 2009 WL 2524611, at *8.

In determining whether the good cause standard is met, "the primary consideration is whether the moving party can demonstrate diligence[,]" but that is not the only consideration. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Id.* at 243-44 ("[I]n allowing modifications of scheduling orders only for good cause, [Rule 16(b)] provides the district courts discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side."); *Salomon v. Adderley Indus., Inc.*, --- F. Supp. 2d ---, 2013 WL 4308569, at *2 (S.D.N.Y. Aug. 16, 2013) (same).

**B.     Analysis**

Based on the foregoing principles, the Court examines (i) whether Plaintiff has made the requisite showing of diligence, and (ii) whether Defendant would suffer prejudice if the Court granted the motion to amend.

*1.     Plaintiff Has Not Made the Requisite Showing of Diligence*

Asserting that her interests were "underserved" by her former attorney, Plaintiff maintains that there was a "conflict of interest" between her and her prior counsel. Pl.'s Mot. at 1. Plaintiff states that she is in litigation against her former attorneys for constructive fraud and breach of fiduciary duty. *Id.* Further, Plaintiff claims that (i) she has just discovered some elements of her case are time-barred; (ii) certain issues can only be "defended" if the Board of Education is added as a party; (iii) Plaintiff did not have legal representation during the EEOC process; (iv) the FAC is "defective;" and (v) Plaintiff "just discovered these deficiencies about her case." *Id.*

In countering these arguments, Defendants contend that (i) Plaintiff's allegations regarding her attorneys are vague and conclusory and are not sufficient to establish good cause; (ii) the addition of the Board of Education is unnecessary since Plaintiff has already named the School District as a Defendant, which encompasses the Board of Education, and, in any case, Plaintiff has long been aware of the existence of the Board of Education; (iii) any new details with respect to Plaintiff's national origin discrimination claims are unnecessary and/or duplicative since Plaintiff has already conducted full discovery on these claims; and (iv) the alleged facts underlying Plaintiff's new sex discrimination allegations were known to Plaintiff at the time of the filing of the FAC, and, in any event, those claims are barred by the statute of limitations because plaintiff never filed a charge of sex discrimination with the EEOC. *See* Defs.' Opp. at 1-3.

As noted, a party is not considered to have acted diligently where the proposed amendment is based on information which the party knew, or should have known, in advance of the motion deadline. *See Parker*, 204 F.3d at 340-41; *Sokol*, 2009 WL 2524611, at *8. With respect to Plaintiff's proposed addition of the Board of Education ("the Board") as a defendant, notwithstanding Defendants' argument that the addition of this proposed defendant is unnecessary, Plaintiff has not shown good cause for the addition of this defendant. According to the pleadings, Plaintiff is an experienced educator and has been a District employee for many years. As such, Plaintiff had to have been aware of the Board's existence and its role in personnel matters and policy-making well prior to the expiration of the deadline to amend. Plaintiff has not offered any cognizable explanation as to why the Board was not included in the FAC, other than the conclusory assertions that Plaintiff's interests were "underserved" by her former attorneys and that Plaintiff "just discovered" these deficiencies about her case. *See* Pl.'s Mot. at 1.

Further, the Court notes that there appears to be a discrepancy between Plaintiff's former attorney and Plaintiff herself regarding the circumstances of Attorney Mishkin's discharge. Attorney Mishkin's April 18, 2013 letter to the Court states that Plaintiff had "honorably discharged" the firm's services. DE 35. In any case, even accepting Plaintiff's allegations of attorney misconduct as true for the purposes of this motion, Plaintiff's vague allegations are insufficient to establish good cause for the belated proposed amendment here. The Court also notes that, as a general rule, "[b]ecause the attorney is the litigant's agent, the attorney's acts (or failures to act) within the scope of the representation are treated as those of his client . . . ." *Holland v. Florida*, 560 U.S. 631, 664, 130 S.Ct. 2549, 2571 (U.S.) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 n.10, 82 S.Ct. 1386 (1962) (explaining that parties voluntarily choose their attorneys as representatives and cannot avoid the consequences of the acts or omissions of this freely selected agent); *Nolan v. Primagency, Inc.,* No. 07 Civ. 134, 2008 WL 1758644, at *5 (S.D.N.Y. April 16, 2008) (affirming that plaintiff is responsible for his choice of counsel); *Lastra v. Weil, Gotshal & Manges LLP,* No. 03 Civ. 8756, 2005 WL 551996, at *4 (S.D.N.Y. Mar. 8, 2005) (holding that absent extraordinary circumstances, a client assumes the risk of his attorney's actions and is bound even by the consequences of his attorney's negligence).

With respect to the additional detail regarding Plaintiff's claims for disparate treatment based on national origin, Plaintiff now seeks to add new details regarding (i) the District's re-hiring of a Haitian teacher in August 2013 who had previously "placed the lives of her students in jeopardy" by remaining in the school building during an evacuation; and (ii) a Haitian guidance counselor who was allegedly investigated by Child Protective Services in December 2012 but was never threatened with any disciplinary action. *Id.* at 4-5. Apparently, Plaintiff also seeks to add

allegations regarding a change of Plaintiff's classroom assignment in September 2012 as a form of retaliation against Plaintiff. PSAC ¶¶ 164-73.

While the alleged re-hiring of the Haitian teacher in August 2013 clearly occurred after the Plaintiff's deadline to amend the FAC, with respect to Plaintiff's other allegations, Plaintiff does not explain why she did not move to amend the FAC prior to the January 31, 2013 Court-imposed deadline, since those underlying acts occurred in September and December 2012, prior to the expiration of that deadline. No evidence is presented to suggest that these newly alleged facts were previously unknown to her before the January 31, 2013 deadline. In any case, the Plaintiff has already asserted a cause of action for disparate treatment against the District in the FAC and was given the opportunity to explore these allegations through the course of discovery. Even assuming some of these "new" allegations arose after the filing of the FAC, if Plaintiff wished to add a more detailed account of these allegations to her pleading, she had the opportunity to do so within the timeframe of the Court-imposed deadline – and certainly before Defendants' filed their motion for summary judgment. *See, e.g., Smith v. New York City Dep't of Educ.*, No. 12-1004-cv, 2013 WL 1831665, at *2 (2d Cir. 2013) (affirming denial of plaintiff's motion to amend to include additional causes of action based on allegedly wrongful acts taken after the original complaint was filed where plaintiff sought to amend six months after the deadline for amended pleadings, one month after the deadline for fact discovery, and two weeks after defendants filed their motion for summary judgment).

With respect to Plaintiff's claim for sex discrimination, Plaintiff does not mention the sex discrimination allegations in her motion nor in her memorandum of law. However, Plaintiff's PSAC includes allegations of discrimination based on sex. *See* PSAC ¶¶ 155, 159-60. For example, Plaintiff asserts that in January 2012, Defendant Simmons did an imitation of the "Soul

Makoosa Dance" and proceeded to "bump her behind against the plaintiff's behind and tell her to come to her office and take a picture with her." PSAC ¶ 159. Plaintiff claims that she reported the incident but no action was taken. *Id.* Further, Plaintiff alleges that in February 2012 Defendant Dorsainvil participated in an "audible, disrespectful conversation with a fellow Haitian employee, in the presence of the plaintiff" in which the employee "used a sexual epithet in describing plaintiff's refusal to engage in conversation with him." PSAC ¶ 160. Plaintiff further maintains that she reported this incident as well but that no real action was taken. *Id.*

Plaintiff's motion is also devoid of any allegations or explanations of *newly discovered* facts pertaining to the alleged sex discrimination. The alleged incidents outlined in the PSAC occurred approximately 11 months prior to the deadline to amend. Plaintiff's contention that these incidents were reported by her and that no real action was taken belies her arguments regarding the delay because she had to be aware of the incidents in order to report them. According to her own representations in the PSAC, she was involved in each of the incidents and formally complained about them. For all of these reasons, Plaintiff has not established good cause to support the belated addition of a sexual discrimination claim. *See Parker*, 204 F.3d at 340-41; *Sokol*, 2009 WL 2524611, at *8.

Moreover, Plaintiff should not be permitted to amend her complaint to add claims of sexual discrimination because did not file a sex discrimination charge with the EEOC. Filing a discrimination complaint and obtaining a right-to-sue letter from the EEOC is a statutory prerequisite to suit under Title VII. *Floyd v. Lord & Taylor*, 96 Fed. App'x 792, 793 (2d Cir. 2004) (upholding dismissal of complaint where plaintiff failed to submit any documentation showing that she had filed a complaint with the EEOC, a "prerequisite to bringing suit in federal court under Title VII . . . ."); *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001) ("If a

11

claimant has failed to pursue a given claim in administrative proceedings, the federal court generally lacks jurisdiction to adjudicate that claim."); *Alarcon v. Nassau Cnty. Parks*, No. 12-CV-5922, 2013 WL 685891, at *2 (E.D.N.Y. Feb. 24, 2013) ("Individuals may bring Title VII and ADA claims in federal court only after filing a timely charge of discrimination . . . and obtaining a notice of right to sue letter from the EEOC."). Plaintiff has not submitted any documentation to show that a sex discrimination claim was part of her original charge filed with the EEOC or that she subsequently filed such a charge. Consequently, Plaintiff is not permitted to add claims of sex discrimination in this action.

In sum, Plaintiff has not proven that she acted diligently in seeking to amend the FAC. Plaintiff's allegations do not establish how or why she was unaware of the basis for her proposed amendments or why she could not have sought the proposed amendments at any time prior to the Court-ordered deadline. Therefore, Plaintiff has not provided sufficient justification for her failure to move to amend before the January 31, 2013 deadline. *See Parker*, 204 F.3d at 340-41; *Sokol*, 2009 WL 2524611, at *8; *246 Sears Road Realty Corp.*, 2012 WL 4174862, at *10 (finding that the plaintiff did not demonstrate good cause where the factual basis of the claims were in its possession prior to the expiration of the amendment deadline); *Lamothe v. Town of Oyster Bay*, No. 08-CV-2078, 2011 WL 4974804, at *8 (E.D.N.Y. Oct. 19, 2011) (rejecting the plaintiffs' good cause argument that they learned new facts to support their claim in the discovery process where they did not articulate which pieces of information surfaced and when they came to light); *Int'l Media Films, Inc. v. Lucas Entm't, Inc.*, No. 07-CV-1178, 2008 WL 781823, at *2 (S.D.N.Y. March 20, 2008) (finding no good cause where party could have identified additional defendant with the exercise of reasonable diligence).

## 2. *The Prejudice Factor*

In addition to a party's diligence, courts can consider other factors, such as prejudice to the non-moving party. *Kassner*, 496 F.3d at 244. Prejudice is an important consideration in examining a motion to amend. *Richardson Greenshields Secs., Inc. v.* Lau, 825 F.2d 647, 653 (2d Cir. 1987); *Baez v. Delta Airlines, Inc.*, No. 12 Civ. 3672, 2013 WL 5272935, at *7 (S.D.N.Y. Sept. 18, 2013) (noting that prejudice is one of "the most important reasons for denying a motion to amend.") (citing *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)).

Defendants claim that they will be prejudiced if the amendments are allowed at this late date. *Id.* at 3. Defendants argue that they have expended considerable time and resources in conducting discovery, and point out that their motion for summary judgment is now fully briefed and pending. *Id.* Plaintiff, on the other hand counters that she has "also expended considerable time and resources in defending her position as well." Pl.'s Mem. at 1. According to the Plaintiff, "the purpose of filing an opposition to summary judgment is precisely that, a legal effort on the part of the plaintiff to avoid dismissal." Pl.'s Mot. at 1. Although the Court does not disagree with that premise, an "attempt to avoid dismissal" does not absolve a party from taking appropriate steps to do so ***in a timely manner***, and certainly within deadlines set by the Court when no reasonable excuse for the failure to do so has been presented. Plaintiff argues that Defendants will not be "substantially prejudiced" by any delay and that Plaintiff should be afforded the opportunity to test her claim on the merits. *Id.* at 2.

The Court finds that Defendants *will be* prejudiced if leave to amend is granted. Discovery is closed and the Defendants' motion for summary judgment is now pending. Both sides have also submitted proposed Pre-Trial Orders. If the Plaintiff's amendments were to be permitted – and the sex discrimination claim is precluded in any event since it was not raised in

the EEOC – the Defendants would need to conduct further discovery. Where a motion for summary judgment is pending and/or discovery has closed, Courts regularly find prejudice to the non-movant and deny leave to amend. *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (district court did not abuse discretion in denying leave to amend under Rule 16 when movant had delayed over a year, discovery was complete and a summary judgment motion was pending); *MacDraw, Inc. v. CIT Group Equip. Fin.*, 157 F.3d 956, 962 (2d Cir. 1998) (affirming denial of leave to amend where it was requested after the close of discovery, additional discovery would be required, causing undue prejudice to defendants, and delay was unexplained); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (affirming denial of leave to amend because discovery was complete and motion for summary judgment had already been filed); *Ansam Assocs. v. Cola Petroleum,* 760 F.2d 442, 446 (2d Cir. 1985) (recognizing that the proposed amendment "would have been especially prejudicial given the fact that discovery had already been completed and [defendant] had already filed a motion for summary judgment"); *Morritt v. Stryker Corp.*, ---F. Supp. 2d ---, 2013 WL 5350109, at *11 (E.D.N.Y. Sept. 23, 2013) (finding prejudice where proposed amendments would require further discovery, long after the close of discovery and decision on summary judgment); *Baez* at *11 ("Prejudice may be found if the amendment is sought after discovery has already closed."). Allowing discovery to be re-opened here is not only prejudicial, it is unwarranted in these circumstances.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to amend is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
February 27, 2013

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge