UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAULA F. GUITY,

                Plaintiff,

-against-

UNIONDALE UNION FREE SCHOOL DISTRICT,
MYRTLE DIXON, DIANE BARTON, FLORENCE
D. SIMMONS, FRANTZ DORSAINVIL &
WILLIAM K. LLOYD (pursuant to § 1983 and
NYEL § 290 et seq. in their individual and
official capacities),

                Defendants.
------------------------------------------------------------X

**ORDER**
12-CV-1482 (SJF)(AKT)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAR 3 1 2014 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On June 19, 2012, *pro se* plaintiff Paula Guity ("plaintiff") filed her amended complaint against defendants Uniondale Union Free School District, Myrtle Dixon, Diane Barton, Florence D. Simmons, Frantz Dorsainvil, and William K. Lloyd (collectively, "defendants"), alleging discrimination and retaliation based on national origin in violation of: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (2) 42 U.S.C. § 1983; and (3) New York Executive Law § 290, *et seq.* [Docket Entry No. 4]. On August 29, 2013, defendants moved for summary judgment. [Docket Entry No. 52]. Now before the Court is the Report and Recommendation of Magistrate Judge A. Kathleen Tomlinson, dated February 28, 2014 (the "Report"), that the Court grant defendants' motion for summary judgment. [Docket Entry No. 77]. On March 14, 2014, this Court granted plaintiff an extension until March 28, 2014 at 5:00 p.m. to file objections to the Report. [Docket Entry No. 80]. Plaintiff filed objections on March 31,

2014. [Docket Entry No. 82]. For the reasons that follow, the Court adopts Magistrate Judge Tomlinson's Report in its entirety.

I.   Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 Fed App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nevada State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 Fed. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Although the objections to a report and recommendation of a *pro se* party should be accorded leniency, "even a *pro se* party's objections . . . must be specific and clearly

aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted); *see also Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002).

II. Analysis

Although plaintiff failed to timely file her objections, the Court has considered plaintiff's objections to the Report. Plaintiff's objections do not raise any new arguments and are reiterations and/or restatements of her earlier arguments. Plaintiff's objections are insufficient to trigger *de novo* review of Magistrate Judge Tomlinson's conclusions. The Court has reviewed the Report in its entirely and is satisfied that there is no clear error on the face of the record. Accordingly, the Court accepts Magistrate Judge Tomlinson's Report in its entirety and defendants' motion for summary judgment is granted. Plaintiff's amended complaint is dismissed in its entirety with prejudice. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: March 31, 2014
      Central Islip, New York